UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BROOKS, #210568,

    Plaintiff,

v.

ELLIOT HARDY, et al.,

    Defendants.

_____/

Hon. Janet T. Neff

Case No. 1:16-cv-1336

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Hardy's Motion for Summary Judgment. (ECF No. 10). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On February 10, 2016, Plaintiff requested dental treatment. On March 1, 2016, Defendant Hardy performed oral surgery to remove one of Plaintiff's teeth. Several days later, Plaintiff was still experiencing pain as well as an inability to move his jaw to chew food. Accordingly, Plaintiff requested a "soft diet" and pain medication. These requests were denied by Defendant Stout. Plaintiff's continued complaints of pain were ignored. Plaintiff was "eventually sent to an outside hospital" where he learned that his jaw had been broken when his tooth was pulled. Plaintiff was hospitalized, with his jaw wired shut, for "over seven weeks." Plaintiff alleges that Defendants Hardy and Stout failed to provide him with appropriate medical treatment in violation of his right to be free from cruel and unusual punishment and

his right to due process. Defendant Hardy now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their

complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step

III. *Id.* at ¶ FF.  The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*

There is no dispute that Plaintiff pursued two grievances related to the incidents giving rise to this matter: (1) Grievance LCF-2016-02-0154-12F and (2) Grievance LCF-2016-03-0205-28e. (ECF No. 1, 10, 14).  An evaluation of these grievances, however, reveals that neither properly exhausts Plaintiff's claims against Defendant Hardy.

      A.      Grievance LCF-2016-02-0154-12F

Plaintiff initiated this grievance on February 18, 2016, alleging that "Health Care" was refusing to provide him with medication that had been prescribed to him two days earlier.  (ECF No. 11-3 at PageID.65).  Plaintiff pursued the matter through all three steps of the grievance process.  (ECF No. 11-3 at PageID.62-66).  This grievance was not asserted against Defendant Hardy.  Moreover, the events described in this grievance predate the allegations against Defendant Hardy contained in Plaintiff's complaint.  Specifically, Plaintiff alleges in his complaint that Defendant Hardy treated him beginning on March 1, 2016.  This particular grievance, however, concerns an incident that allegedly occurred on February 16, 2016.  Accordingly, this grievance fails to exhaust any of Plaintiff's claims against Defendant Hardy.

      B.      Grievance LCF-2016-03-0205-28e

Plaintiff initiated this grievance on March 3, 2016, alleging that the "LCF Dentist" failed to provide him with appropriate medical treatment. (ECF No. 11-3 at PageID.69). This grievance was rejected as untimely. (ECF No. 11-3 at PageID.67-70). This grievance, therefore, fails to exhaust any of Plaintiff's claims against Defendant Hardy.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Hardy's Motion for Summary Judgment</u>, (ECF No. 10), be **granted** and Plaintiff's claims against Defendant Hardy be **dismissed without prejudice** for failure to exhaust administrative remedies. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

Date: June 13, 2017                            /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge