UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BROOKS,

    Plaintiff,

v.

ELLIOT HARDY, et al.,

    Defendants.
_____/

Case No. 1:16-cv-1336

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving allegations of deliberate indifference to serious medical needs under the Eighth Amendment. Defendant Hardy filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to Defendant Hardy (ECF No. 10). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendant's motion be granted (ECF No. 16). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 17). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff asserts three objections to the Report and Recommendation, which are, in part, merely repeated arguments from his response to the Motion for Summary Judgment (ECF No. 14). First, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff's first grievance failed

to exhaust his remedies with regard to Defendant Hardy (Pl. Obj., ECF No. 17 at PageID.101; R&R, ECF No. 16 at PageID.97). The Court finds no factual or legal error that undermines the Magistrate Judge's conclusion as to this objection.

On February 18, 2016, Plaintiff filed Grievance LCF-2016-02-0154-12F regarding an incident on February 16, 2016 and titled the grievance "Deliberate Indifference To My Medication Needs By The Health Care Department" (ECF No. 11-3 at PageID.65). Plaintiff claims this grievance serves to exhaust his claims against Defendant Hardy. However, as the Magistrate Judge noted, this grievance, for the delay in receiving medication from February 10, 2016 to February 16, 2016 (*id.*), predates the allegations as to Defendant Hardy in Plaintiff's complaint (R&R, ECF No. 16 at PageID.93, 97). Plaintiff's complaint alleges "[h]e was seen by Defendant Hardy, DDS on March 01, 2016, whereby he underwent 'oral surgery' to extract a back tooth" (ECF No. 1 at PageID.4). Plaintiff's complaint asserts no allegations of treatment by Defendant Hardy prior to March 1, 2016.

Additionally, the Magistrate Judge noted that this grievance was not asserted against Defendant Hardy (*id.* at PageID.97). Rather, the grievance alleges deliberate indifference due to delay in Plaintiff's receipt of pain medication (ECF No. 11-3 at PageID.65). Plaintiff's complaint asserts no allegations against Defendant Hardy for the February delay in pain medication (ECF No. 1).[1] Plaintiff has failed to set forth any argument that undermines the analysis and conclusion of the Magistrate Judge, i.e., that this grievance failed to fully exhaust any of Plaintiff's claims against Defendant Hardy.[2] This objection is denied.

---

[1] Plaintiff specifically alleges in Count Two of his complaint that Defendant Stout "failed to provide pain medication" (ECF No. 1 at PageID.6).

[2] The record and argument in this case, as presented by Plaintiff, contain contradictory dates and assertions, which makes it difficult for the Court to discern the underlying facts. Plaintiff conflates his dental and medical treatment (the oral surgery and medication). Nonetheless, Plaintiff's

2

In his second objection, Plaintiff argues that the Magistrate Judge's determination that Plaintiff's claims have not been exhausted is "contrary to the rulings by the Sixth Circuit" (Pl. Obj., ECF No. 17 at PageID.102). Plaintiff asserts that "[a]ll three steps addressed the claims embedded in the grievance process including the (6) day delay' (*id.*). Plaintiff cites *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), and asserts that the rejections of his grievances were merit based (ECF No. 17 at PageID. 102). However, as noted by the Magistrate Judge, the second grievance, LCF-2016-03-0205-28e, was clearly rejected as untimely (ECF No. 16 at PageID.98). This constitutes a procedural bar by MDOC, not a merit based rejection, as Plaintiff asserts.

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted); *see also Burnett v. Howard*, No. 2:09-CV-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010). "As long as the state clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, 'a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust.'" *Burnett*, 2010 WL 1286256, at *1 (citation omitted). The Magistrate Judge properly concluded that the denial of Plaintiff's second grievance was procedural, not merit based. This objection is denied.

In his third objection, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff failed to exhaust his administrative remedies as to Defendant Hardy because "Plaintiff had no remedy after his first step grievance was rejected as untimely" (Pl. Obj., ECF No. 17 at

---

objection expressly states that he "has no meaningful objections" to the Magistrate Judge's factual background and summary judgment standards on pages one and two of the Report and Recommendation (R&R, ECF No. 16 at PageID.93-95). Accordingly, the Court relies on the material facts as set forth, which Plaintiff does not dispute.

3

PageID.104; R&R, ECF No. 16 at PageID.98). As noted above, the MDOC rejection of the grievance as untimely is a valid basis for dismissal for failure to exhaust administrative remedies. Plaintiff merely restates an argument from his response to the Motion for Summary Judgment (ECF No. 14) and fails to show error in the Magistrate Judge's determination that Plaintiff failed to exhaust his administrative remedies. This objection is denied.

In sum, the Magistrate Judge concluded that Plaintiff did not exhaust his administrative remedies as to Defendant Hardy. Plaintiff's Objections to the Report and Recommendation do not warrant a conclusion to the contrary. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones*, 549 U.S. at 206, 211-12. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 10) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: December 6, 2017                    /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge