UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD BROOKS #210568,

    Plaintiff,                                                Hon. Janet T. Neff

v.                                                             Case No. 1:16-cv-1336

ELLIOT HARDY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 66). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **denied**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (ECF No. 49). In January 2016, Plaintiff began experiencing dental pain. On February 10, 2016, Plaintiff underwent a procedure to extract an impacted wisdom tooth after which he was prescribed a "mechanical soft diet." By February 19, 2016, however, this prescription had expired. On this date, Plaintiff "bit down on regular food and heard his jaw pop." Later that same day, Plaintiff was examined by Dental Hygienist Lisa Stout. Plaintiff informed Stout that he "heard his jaw pop" and, therefore, requested additional pain medication and an extension of his soft food diet. Stout denied Plaintiff's requests, noting that the sound Plaintiff heard "was probably a stitch." Plaintiff continued to experience bleeding and severe pain. X-rays of Plaintiff's jaw, taken March 1, 2016, revealed that Plaintiff's jaw was, in fact, broken.

Plaintiff alleges that Stout was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. In his initial complaint, Plaintiff advanced two Eighth

Amendment claims against Defendant Stout: (1) failure to prescribe pain medication and (2) failure to order a soft food diet. (ECF No. 1). The former claim has already been dismissed. (ECF No. 32). Defendant Stout now moves for summary judgment and qualified immunity as to the claim that she failed to order a soft food diet for Plaintiff.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

-3-

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

Defendant argues that she is entitled to summary judgment "because she was not personally involved in prescribing a mechanical soft diet to Plaintiff." (ECF No. 67 at PageID.283). In support of this argument, Defendant cites to an MDOC Operating Procedure which provides that dentists are responsible for administering "diet orders." (ECF No. 67-3 at PageID.300). There is no dispute that during the time period relevant in this matter, Defendant was employed as a Registered Dental Hygienist. (ECF No. 67-1 at PageID.289). Defendant argues, therefore, that because she was not permitted to prescribe soft food diets, "she does not have the requisite personal involvement necessary for liability." (ECF No. 67 at PageID.283).

Defendant's argument fails for two reasons. First, while MDOC policy may direct dentists to administer "diet orders," such hardly establishes that Defendant was not involved in denying Plaintiff's request for a soft food diet. Second, Plaintiff has submitted an affidavit in which he asserts that Defendant "told me I could not have a mechanical soft diet." (ECF No. 71-1 at PageID.368). The assertion that Defendant expressly denied Plaintiff's request for a soft food diet is in direct contradiction with Defendant's argument that she was not involved in this decision. Accordingly, there exists a genuine factual dispute as to whether Defendant was involved in the decision to deny Plaintiff's request for a soft food diet. In sum, Defendant has not argued that Plaintiff was not experiencing a serious medical need when she examined him on February 19, 2016. As for the subjective prong of the analysis, there exists a factual dispute which precludes summary judgment.

As for Defendant's argument that she is entitled to qualified immunity, the Court reaches the same conclusion. Defendant argues that she is entitled to qualified immunity because she was not involved in the decision to deny Plaintiff's request for a soft food diet. As discussed above, however, there exists a genuine factual dispute on this question. When viewed in the light most favorable to Plaintiff, the evidence indicates that Defendant denied Plaintiff's request for medical treatment in response to a serious medical need. A reasonable person would have understood that denying treatment for a serious medical need violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101-06 (1976); *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 66), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 28, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge